1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

(OAKLAND DIVISION)

11

12  SUNPOWER CORPORATION, SYSTEMS, a    Case No. CV 08-2807 SBA
    Delaware corporation,

13                                                **AMENDED ORDER RE CLAIM**
               Plaintiff and Counter-defendant,   **CONSTRUCTION**

14
                                                Date:      March 4, 2009
15        v.                                    Time:      9:00am
                                                Judge:     Honorable Saundra B. Armstrong
    SUNLINK CORPORATION, a Delaware
16  Corporation,

17             Defendants and Counter-complainant.

18

19        On March 4, 2009, this Court held a claim construction hearing in this patent infringement

20  case.  Each party appeared, represented by counsel of record.  The Court has considered the

21  parties' oral arguments, their claim construction briefs and all evidence provided therewith,

22  including the claims, specifications, and portions of the file histories of the patents in suit made of

23  record.  Consistent with the intrinsic evidence, and for the reasons set forth on the record at the

24  March 4 hearing, the Court issues its claim construction of the terms at issue as follows:

25        IT IS HEREBY ORDERED that the following terms and phrases as used in the claims of

26  U. S. Patent Nos. 5,505,788 ("the '788 patent") and RE38,988 ("the '988 patent") have the

27  following meanings to a person of ordinary skill in the art at the relevant time periods and that

28  these constructions apply consistently across all claims where the terms and phrases appear:

1. "A photovoltaic roofing assembly comprising: a roofing membrane" is construed as: "a photovoltaic assembly that includes as a necessary component of the completed assembly a roofing layer that is applied to the top of conventional rooftop framing."

2. "A photovoltaic assembly comprising: a building rooftop" is construed as: "a photovoltaic assembly that includes as a necessary component of the completed assembly the exterior surface of a top of a building."

3. "Modules disposed as a layer on top of said roofing membrane" is construed as: "modules that are arranged in a manner that provides coverage of a surface."

4. For the term "spacer" as used in the claims the Court has determined that no additional construction is necessary and the term is to be afforded its plain and ordinary meaning.

5. "Variable height spacer" is construed as: "a spacer with a tapered profile."

6. "Whereby wind uplift forces are resisted" is construed as: "upward force of the wind on the assembly is resisted."

7. "Convecting fluid" is construed as "a liquid or gaseous fluid, such as air, that transfers heat."

8. "Fluidly coupling" is construed as "allowing a fluid, such as air, to pass through and around allowing an open region to connect with the upper surface of a module."

The "means-plus function" elements of the claims at issue are construed as follows:

9. "Means for regulating the temperature of said photovoltaic module":

The recited function is construed as: "Regulating temperature of the photovoltaic modules." The structure disclosed in the specification that corresponds to the claimed function is identified as: "a plurality of spacers that separate photovoltaic module from roofing membrane or a combination of spacers and a phase-change material."

10. "Means for interlocking one photovoltaic assembly to an adjacent photovoltaic assembly":

The recited function is construed as: "uniting one assembly with the assembly adjacent to it in an interlocking manner." The structure disclosed in the specification that corresponds to the

claimed function is identified as:  "modules or spacers with interlocking joints along the adjoining lateral edges."

11.    "Means for resisting forces of wind uplift sufficiently to eliminate the need for penetrations of the building rooftop":

The recited function is construed as:  "resisting wind uplift to allow mounting with no penetrations of the rooftop."  The structure disclosed in the specification that corresponds to the claimed function is identified as:  "A combination of the configuration of the spacers and interlocking or use of wind spoils."

**IT IS SO ORDERED.**

Dated:  _3/13/09_____

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

50640609.doc