UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNPOWER CORPORATION SYSTEMS,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNLINK CORPORATION,<br><br>    Defendant.<br>_____/ | No. C-08-2807 SBA (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**<br><br>**(Docket No. 84)** |

Defendant has moved for leave to file amended invalidity contentions. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel and all other evidence of record, the Court hereby **GRANTS** in part and **DENIES** in part Defendant's motion.

## I. DISCUSSION

Patent Local Rule 3-6 provides that amendment of either infringement or invalidity contentions

> may be made only by order of the Court upon a timely showing of good cause. Nonexhaustive examples of circumstances that may, absent undue prejudice to the nonmoving party, support a finding of good cause include: (a) claim construction by the Court different from that proposed by the party seeking amendment; (b) recent discovery of material, prior art despite earlier diligent search; and (c) recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

Pat. L.R. 3-6.  In the instant case, Defendant argues that there is good cause to amend its invalidity contentions -- more specifically, to add eleven pieces of prior art -- based on (1) the claim construction given by the presiding judge and (2) the recent discovery of the prior art.

The Court does not find the first argument persuasive.  The risk of the construction rendered by the presiding judge was well known and anticipated by Defendant.  Prior art and claims charts anticipating that construction had already been provided, and Defendant had sought to amend to add nine of the eleven prior art references before the claim construction ruling ever issued.  The ruling in and of itself does not constitute good cause.

As to the second argument, the critical issue is whether or not Defendant exercised diligence in discovering the prior art.  Plaintiff notes that, under the Federal Circuit's interpretation of this District's Patent Local Rules, a failure to establish diligence ends the inquiry.  *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006) ("Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to MPS.").  Defendant points out that judges in this District, in interpreting the Patent Local Rules, have not taken as clear cut a stance.  *See, e.g.*, *West v. Jewelry Innovations, Inc.*, No. C 07-1812 JF (HRL), 2009 U.S. Dist. LEXIS 10100, at *7-8 (N.D. Cal. Jan. 22, 2009) ("The 'good cause' inquiry considers (1) whether the moving party was diligent in amending its contentions and (2) the prejudice to the non-moving party should the motion to amend be granted.  Other factors relevant to this inquiry include 'the relevance of the newly-discovered prior art, whether the request to amend is motivated by gamesmanship, [and] the difficulty of locating the prior art.'"); *Acco Brands, Inc. v. PC Guardian Anti-Theft Prods., Inc.*, No. C 04-03526 SI, 2008 U.S. Dist. LEXIS 88142, at *4-5 (N.D. Cal. May 22, 2008) ("'The local patent rules in the Northern District of California . . . requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery . . . .'  In determining whether a motion for leave to amend invalidity contentions should be granted, this Court has examined such factors as the relevance of the newly-discovered prior art, whether the request to

2

amend is motivated by gamesmanship, the difficulty of locating the prior art, and whether the opposing party will be prejudiced by the amendment.").

The Court need not decide whether diligence is an absolute precondition to good cause. The Court is mindful of the importance of diligence even under the balancing approach advocated by Defendant. *See, e.g.*, *BioGenex Labs. v. Ventana Med. Sys.*, No. C-03-3916-JF (PVT), 2005 U.S. Dist. LEXIS 45531, at *7 (N.D. Cal. Feb. 24, 2005) (taking note of BioGenex's assertion "that it should be permitted to amend its preliminary infringement contentions because Ventana would not be prejudiced by such amendment given the fact that no claim construction hearing has been held" but stating that "prejudice is a factor that may be considered [--] the focus of the Court's inquiry must be on BioGenex's own conduct"). For some of the prior art references, a requisite showing of diligence has been met.

More specifically, with respect to the assembly or installation prior art references, the Court finds that an adequate showing of diligence has been made with respect to all but one of the references. For example, Defendant has adequately shown that it only recently discovered the Ascension assemblies (Valhalla, Narragansett, and Palm Desert) despite earlier diligent search. Defendant has explained that it attempted to talk to one of the Ascension principals, Mr. Russell, but was refused because he had been retained by Plaintiff as an expert. As for the other Ascension principal, Mr. Kern, he originally declined to talk to Defendant and only recently changed his mind. Plaintiff argues that this is not an adequate showing of diligence because Defendant could have subpoenaed Mr. Russell (prior to his retention by Plaintiff) and Mr. Kern. However, as Defendant points out, discovery has not yet closed and there is no requirement that third party prior art discovery be prioritized over other discovery.

In addition, Defendant has adequately shown that it only recently discovered the Leveleg and Monterey Hills assemblies despite earlier diligent search. At the hearing, Defendant pointed out that assemblies or installations are prior art references that are difficult to find. There is no database to assist in the search for this kind of prior art; rather, the prior art may be found largely by "pounding the pavement." That Leveleg went out of business in approximately 1995 -- a fact that Plaintiff did not dispute -- only made it more difficult to track down that particular prior art reference. Plaintiff

1  points out that the Leveleg assembly should have been located earlier because it was discussed in
2  one of the prior art references that Defendant originally identified.  However, as Defendant noted at
3  the hearing, that reference did not indicate to Defendant that the Leveleg assembly would
4  necessarily be relevant to this litigation -- *i.e.*, there was not a suggestion that the Leveleg assembly
5  had the same or similar components to the invention at issue in this litigation.

6  The Court, however, does not find that an adequate showing of diligence has been made with
7  respect to the Maspeth assembly.  This assembly appears to have been depicted in the Stafford
8  publication, which is one of the publication prior art references for which diligence has not been
9  established.

10  Because of Defendant's diligence with respect to the Valhalla, Narragansett, Palm Desert,
11  Leveleg, and Monterey Hills assemblies, amendment of the invalidity contentions with respect to
12  these prior art references is favored.  The Court notes that allowing the amendment with respect to
13  these references will not prejudice Plaintiff.  Plaintiff has been on notice of the first three assemblies
14  -- *i.e.*, the Ascension assemblies -- since at least December 2008.  Also, it has retained as an expert
15  Mr. Russell -- formerly associated with Ascension -- which will make its analysis of the first three
16  assemblies much easier.  With respect to the Leveleg and Monterey Hills assemblies, there is
17  sufficient time prior to the close of discovery for Plaintiff to investigate the prior art references.
18  While these matters might have been presented earlier, no demonstrated prejudice resulting from the
19  delay has been established.  Even if presented earlier, Plaintiff would have to expend resources to
20  deal with the new claim charts.  Furthermore, this prior art is now clearly relevant in view of the
21  presiding judge's claim construction.  The nature of this art (field assembly or installation) is not
22  inherently easy to locate, and there is no suggestion of gamesmanship since Defendant is not
23  changing its legal theory.

24  On the other hand, there is no showing that the publication prior art references were difficult
25  to locate and no showing that any diligence was exercised in discovering them.  Accordingly, the
26  Court denies Defendant's motion to amend the invalidity contentions with respect to the publication
27  prior art references.
28  ///

## II. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's motion is granted in part and denied in part. Defendant is permitted to amend its invalidity contentions to add the Valhalla, Narragansett, Palm Desert, Leveleg, and Monterey Hills assemblies.

This order disposes of Docket No. 84.

IT IS SO ORDERED.

Dated: June 12, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge